**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50324 |
| Plaintiff - Appellee, | D.C. No. 8:10-cr-00047-CJC-2 |
| v. | |
| JULIE CHOI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted May 4, 2015[**]
Pasadena, California

Before: PREGERSON, TALLMAN, and NGUYEN, Circuit Judges.

Julie Choi ("Choi") appeals her conviction for one count of conspiring to

distribute the illegal narcotic MDMA, also known as Ecstacy, and three substantive

counts of distributing MDMA, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(b)(1)(C). Choi contends that the evidence was insufficient to support the jury's convictions and that no reasonable factfinder could have concluded that she was a participant in either the drug distribution conspiracy or in the three substantive distribution acts charged. This court has jurisdiction under 28 U.S.C. § 1291. We affirm.

We review de novo claims regarding the sufficiency of evidence supporting a criminal conviction. *United States v. Bennett*, 621 F.3d 1131, 1135 (9th Cir. 2010). Sufficient evidence supports a conviction if, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also United States v. Nevils*, 598 F.3d 1158, 1164-65, 1169 (9th Cir. 2010) (en banc).

1.     Regarding Choi's three substantive distribution convictions, there is sufficient evidence of Choi's participation to demonstrate that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319.

On July 23, 2009, Choi participated in a drug sale as the driver for one of her alleged co-conspirators, Tuan Kiet Do Pham ("Pham"), in a car registered to Choi. A law enforcement officer observed Choi receive and count a $3,000 payment for the sale of 1,000 Ecstacy pills. The law enforcement officer then observed Choi

assist Pham in collecting Ecstacy pills that had spilled onto the floor of her car. A law enforcement audio recording supported the officer's observations. After Pham gave several hundred Ecstacy pills to the drug buyer, Choi drove Pham to a house where significant work was done on her car to permit recovery of the remaining spilled Ecstacy pills. Choi observed all the Ecstacy pill recovery efforts.

On July 24, 2009, Choi picked up Pham in her car and drove him to the same meeting location to meet with the same drug buyer. Pham delivered the Ecstacy pills spilled the day before. A law enforcement officer and the drug buyer, who was a government confidential informant, observed the drug delivery and testified in court to Choi's participation. A law enforcement audio recording supported their testimony regarding the drug delivery.

On September 24, 2009, a court-authorized law enforcement wiretap revealed Pham's participation in the sale of 1,500 Ecstacy pills. A law enforcement officer observed the sale and testified in court about the participation of an adult woman named "Julie," matching Choi's description, in the drug sale. The drug sale took place in and around a car matching the description of Choi's car. Choi was present in her car for the sale.

2.     Regarding Choi's conviction for conspiracy, when viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the conspiracy beyond a reasonable doubt.

*Jackson*, 443 U.S. at 319.  For Choi to have been found guilty of conspiracy under 21 U.S.C. § 846, the government had to prove the following: (1) "there was an agreement between two or more persons to distribute" Ecstacy or possess Ecstacy with intent to distribute it; and (2) Choi "joined in the agreement knowing of its purpose and intending to help accomplish that purpose."  Ninth Circuit Model Inst. 9.19 (2010).

Though Choi attempts to minimize her participation in the conspiracy, "[i]t is not a defense that a person's participation in a conspiracy was minor or for a short period of time."  Ninth Circuit Model Crim. Jury Inst. 8.23 (2010); *see United States v. Escalante*, 637 F.2d 1197, 1200 (9th Cir. 1980) (holding that a person may be a member of a conspiracy even though the person does not know all of the purposes of or participants in the conspiracy).  An agreement to join a conspiracy "may be inferred from the defendant's acts pursuant to the scheme, or other circumstantial evidence, and a defendant's proximity to the scene of illicit activity may support an inference when viewed in context with other evidence." *United States v. Matta-Ballesteros*, 71 F.3d 754, 765 (9th Cir. 1995), *opinion amended on denial of reh'g*, 98 F.3d 1100 (9th Cir. 1996); *see also United States v. Iriarte-Ortega*, 113 F.3d 1022, 1024 (9th Cir. 1997), *opinion amended on denial of reh'g*, 127 F.3d 1200 (9th Cir. 1997) (discussing proof of a conspiracy through circumstantial evidence of defendants acting in concert for a common goal).

Choi argues that to uphold her conspiracy conviction, the government had to show that Choi had prior knowledge that Pham was going to engage in a drug transaction. The Supreme Court in *Rosemond v. United States*, stated that to be convicted a defendant must have "knowledge that enables him to make the relevant legal (and indeed, moral) choice" and time to "opt to walk away." 134 S. Ct. 1240, 1249-50 (2014).

Beyond evidence from the July 23, July 24, and September 24, 2009 drug sales, the jury heard evidence of Choi driving Pham to a drug sale on July 1, 2009. The government presented to the jury wiretapped conversations from September 28 and October 2, 2009, in which Choi's co-conspirators discussed Choi's participation in expanding their drug distribution efforts and Choi's demand for an appropriate finder's fee for her assistance. Choi's co-conspirators pled guilty to the conspiracy in which Choi was charged.

Evidence from more than three months of Choi's participation in the drug distribution conspiracy demonstrates that Choi had more than adequate knowledge and time to make her legal and moral choice. *Rosemond*, 134 S. Ct. at 1249-50. Choi chose not to walk away from the drug distribution conspiracy.

Choi's reliance on *United States v. Tran*, 568 F.3d 1156 (9th Cir. 2009), to support overturning her convictions is misplaced. Unlike in *Tran*, Choi (1) participated in drug sales as the driver of a car registered to her; (2) assisted in

several drug sales; (3) directly observed the drugs and then affirmatively acted to facilitate their distribution; (4) lacked any testimony from co-conspirators denying her involvement; and (5) faced extensive testimony from law enforcement witnesses, as well as audio recordings, detailing her actions furthering the drug distribution conspiracy.

None of Choi's other arguments against her convictions, when viewed "in the light most favorable to the prosecution," are persuasive. *Nevils*, 598 F.3d at 1169.

**AFFIRMED.**